UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHADRICK E. FULKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00501-JPH-MJD |
| | ) | |
| WATSON, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**Order Denying Motions for Counsel without Prejudice and Motion for Documents**

### I.     Motions for Counsel

Plaintiff Chadrick Fulks has moved for the appointment of counsel. As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

To facilitate the process of evaluating requests for counsel, the Court has prepared a form motion to be used by indigent litigants seeking the appointment of counsel. The form requests the

information necessary for the Court to make a determination on the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel.

Mr. Fulks's motions for the appointment of counsel, dkts. [2] and [10], are **denied without prejudice** because they provide neither sufficient information to make a determination on the merits nor an acknowledgement of the conditions of the appointment of counsel. The Court notes that in Mr. Fulks's second motion for counsel, he states he has tried to recruit counsel and has attached the names and addresses of attorneys he has contacted. Dkt. 10. No such attachment was included with the filing. Mr. Fulks may renew his motion for the appointment of counsel by filling out the form motion for assistance with recruiting counsel that the Court will send to him along with his copy of this Order.

The clerk is **directed** to send Mr. Fulks a motion for assistance with recruiting counsel form with his copy of this Order.

## II.     Motion for Documents

Mr. Fulks also filed a motion requesting copies of documents. Specifically, he states, "I have been told that I need to write to you and request a package for filing a civil suit under the 1983 Bivens act and any other document I might need in moving forward." His motion, dkt. [9], is **denied**, as there is no such package. Mr. Fulks's civil complaint has been filed, and he has paid the partial filing fee. His complaint will soon be screened in a separate order.

**SO ORDERED.**

Date: 1/2/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHADRICK E. FULKS
16617-074
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808