UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHADRICK E. FULKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-cv-00501-JPH-MJD |
| | ) |
| T.J. WATSON Warden, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Clarifying Screening Order and Directing Defendants to Supplement Response**

### I.     Clarification of Screening Order

In its order screening plaintiff Chadrick Fulks's amended complaint, the Court stated that Mr. Fulks's First Amendment retaliation and Eighth Amendment claims shall proceed against all defendants as submitted. Dkt. 44 at 5. The Court did not specify whether the claims would proceed against the defendants in their individual or official capacity. "[F]ederal prisoners suing under *Bivens* may sue relevant officials in their individual capacity only." *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005); *see also Yeadon v. Lappin*, 423 F. App'x 627, 629 (7th Cir. 2011) ("[U]nder *Bivens*, his suit can proceed against the officials in their individual capacities alone."). Thus, claims against Dr. Wilson, Lt. Sherman, Nurse Michelle Smith, Officer A. Johnson, and Officer Hammon shall proceed in their individual capacity only.

However, Mr. Fulks also seeks injunctive relief. Thus, claims against Warden Watson shall proceed in his individual[1] and official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (current warden proper defendant for injunctive relief since he is the official "who would be responsible for ensuring that any injunctive relief is carried out.").

---

[1] Mr. Fulks's factual allegations also sufficiently alleged Warden Watson's personal involvement.

1

## II.     Order to Supplement Response

Amongst Mr. Fulks's claims in his amended complaint, he alleges that he is not receiving adequate healthcare for his back or mental health issues out of retaliation for reporting an alleged sexual assault. He sought a preliminary injunction, and the Court informed Mr. Fulks that he did not provide sufficient detail to show that without a preliminary injunction he would suffer irreparable harm, that traditional legal remedies would be insufficient, and that his claim had some likelihood of success on the merits. Dkt. 44 at 6, *citing Valencia v. v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018). On October 2, 2020, Mr. Fulks filed a Motion to Reconsider Preliminary Injunction. Dkt. 59. Based on the contents of the motion, the Court construes it as a renewed motion for preliminary injunction rather than a motion to reconsider.

First, Mr. Fulks requests that he be referred to a back specialist for diagnostics and treatment. In support, Mr. Fulks attached ten-year-old medical records indicating that at one point he was referred for surgery on his back but was also advised that the prison "may cancel the proposed surgery at any time." Dkt 59-1 at 4. In his amended complaint, Mr. Fulks alleges that he was being provided pain medication, but Dr. Wilson terminated his prescription out of retaliation. Mr. Fulks states in his motion that his back has gotten worse and that he cannot eat due to the pain. Dkt. 59 at 2.

Next, Mr. Fulks complains that his mental health issues (in general and resulting from his alleged sexual assault) remain untreated. He alleges that his mother died of COVID-19 in August, and correctional officers refused to call psychological services to assist him. Due to his grief and being placed in a cell with an overflowing toilet, Mr. Fulks alleges he "broke" and attempted suicide by cutting his own throat on September 11, 2020. Dkt. 59 at 3. When he failed to comply with officer directives, they shot him with pepper spray-filled balls. Afterward, the

officers stripped him and took him to a feces-covered holding cell where he remained for three days. He alleges he was not provided a shower to wash off the pepper spray. When he requested assistance, officers told him not to worry because "the government would be executing [his] ass soon." Dkt. 59 at 6. He alleges that he did not receive adequate mental health treatment after this incident, but rather was mocked and abused. In support, Mr. Fulks includes the incident report that describes the suicide attempt. In the report, the hearing officers recommended that Mr. Fulks lose 27 days of good conduct time and commissary and change his cell placement. Dkt. 59-1 at 7. No mention is made of health treatment. *Id.*

The Government argues that Mr. Fulks's suicide attempt has nothing to do with his allegations in this action and that he "cannot bring every complaint and quibble he has with the BOP and its staff before this Court." Dkt. 60 at 6–7. The Court does not view Mr. Fulks's suicide attempt and concerns related to his subsequent treatment as a "quibble". And Mr. Fulks's allegations in his motion for preliminary injunction are related to the claims in this action insofar as Mr. Fulks has alleged that since his alleged sexual assault, BOP medical and correctional staff have retaliated against him by continuously refusing to provide him with adequate medical and mental health care.

Accordingly, when Warden Watson files his answer to Mr. Fulks's amended complaint and response to Mr. Fulks's unrelated motion for preliminary injunction (*see* dkt. 39, 44), he shall also file a supplemental response to Mr. Fulks's motion for preliminary injunction (dkt. 59) that shall include medical records related to 1) Mr. Fulks's treatment for his chronic back issues from September 2018 to the present, and 2) mental health records from September 2018 to the present.

Mr. Fulks shall have fourteen days from the filing of the supplemental response to respond. Counsel was appointed to assist Mr. Fulks for the limited purpose of preparing a

response to the government's motion to dismiss. Dkt. 57. Counsel is permitted but not obligated to assist Mr. Fulks with a response related to the motions for preliminary injunction.

**SO ORDERED.**

Date: 11/6/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHADRICK E. FULKS
16617-074
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jessica M. Lindemann
BARNES & THORNBURG, LLP (Indianapolis)
jessica.lindemann@btlaw.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov