UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHADRICK E. FULKS, | ) |
|     Plaintiff, | ) |
|     v. | ) No. 2:19-cv-00501-JPH-MG |
| T.J. WATSON Warden, <br> WILSON Doctor, <br> SHERMAN LT., <br> MICHELLE SMITH Nurse, <br> A. JOHNSON Officer, <br> HAMMON, | ) |
|     Defendants. | ) |
| UNITED STATES OF AMERICA, | ) |
|     Interested Party. | ) |

**ORDER DISMISSING ACTION**

Chadrick Fulks, a federal death row inmate confined in the Special Confinement Unit ("SCU") at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), brought this action under the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). The Court previously found that Mr. Fulks had "knowingly presented a forged document to the Court and presented perjured testimony when he testified that he did not forge it or ask someone to forge it on his behalf." Dkt. 142 at 13. Consequently, the Court ordered Mr. Fulks to show cause why this case should not be dismissed with prejudice. *Id.* at 14. Mr. Fulks filed a response to the show cause order, dkt. 143, and Defendants filed a reply to the show cause order, dkt. 144.

1

Having considered whether lesser sanctions would be sufficient, the Court finds that dismissal of this action is an appropriate sanction and **DISMISSES** this case.

### I. Procedural Background

In his amended complaint, Mr. Fulks alleged that Dr. Wilson sexually assaulted him during a medical exam and that the other defendants assaulted him and prevented him from getting needed medical care in order to cover up the sexual assault.

The defendants asserted that Mr. Fulks failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") for all of his claims, except for his Eighth Amendment claims against Dr. Wilson for the alleged sexual assault and inadequate medical care for Mr. Fulks's chronic back issues.

In response to the defendants' motion for summary judgment, Mr. Fulks alleged that the grievance process was unavailable to him and presented as evidence a purported BP-8 form with the words "This is not a grievable issue" written on it. Dkt. 83 (Decl. of Fulks at ¶ 2); dkt. 83-2 (purported BP-8). In their reply, the defendants noted that the purported BP-8 "reek[ed]of illegitimacy." Dkt. 86 at 16. The Court determined that there was a genuine issue of material fact as to whether the administrative remedy program was available to Mr. Fulks and ordered a hearing in accordance with *Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008). Dkt. 92 at 24.

The parties engaged in discovery over several months, and the Court conducted several status hearings to prepare for the *Pavey* hearing. *See* dkts. 95, 103–26. During discovery, the defendants deposed Mr. Fulks who denied having altered the purported BP-8. Dkt. 144-1 at 17.

A *Pavey* hearing was held on April 26, 2022. Defendants called Grant Sperry, a forensic document examiner, to testify as an expert witness at the hearing. Mr. Sperry opined that the purported BP-8 was created by photocopying a statement that an officer had written on an unrelated blue note. During his testimony at the hearing, Mr. Fulks denied having forged or manipulated the document.

After the hearing, the Court sustained the exhaustion defense, concluding that the defendants met their burden of proof by showing that administrative remedies were available to Mr. Fulks. Dkt. 142. The Court further concluded that Mr. Fulks knowingly presented a falsified document and perjured testimony to support his claim that the administrative remedy process was unavailable to him. The Court gave Mr. Fulks an opportunity to show cause why this action should not be dismissed as a sanction. Both Mr. Fulks and the defendants have responded. Dkts. 143, 144.

## II.   Discussion

The Court concluded that Mr. Fulks engaged in egregious misconduct by presenting a forged document to the Court and perjuring himself during the hearing. The Court found that dismissal of this action with prejudice was an appropriate sanction. Dkt. 142 at 13.

In his response, Mr. Fulks gives four reasons why the action should not be dismissed. Dkt. 143. First, one of the exhausted claims—an Eighth Amendment claim based on an alleged sexual assault of an inmate by a prison doctor—is an issue of "substantial public importance and relate[s] to a personal violation of Mr. Fulks of the highest order." *Id.* at 2. Second, none of the falsified evidence was related to the remaining claims, and there is no allegation that Mr. Fulks falsified evidence as to his claims against Dr. Wilson. *Id.* Third, there is no evidence that Mr. Fulks has otherwise presented falsified evidence in the prison grievance process. *Id.* Fourth, other sanctions, such as a prison disciplinary proceeding, remain available. *Id.* at 3.

The Court has considered each of these arguments as well as whether the imposition of a lesser sanction would be appropriate. While the Court appreciates that dismissal of this action is a severe sanction, it is warranted under the circumstances presented here. *Secrease v. Western & Southern Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) (dismissal "can be appropriate when the plaintiff has abused the judicial process by seeking relief based on information that the plaintiff knows is false."). In March 2021, long before the *Pavey* hearing, the defendants put Mr. Fulks on notice of evidence showing that the purported BP-8 was falsified. Dkt. 86 at 16–18. Defendants then confronted Mr. Fulks with some of that evidence during his November 2021 deposition. Dkt. 144-1. Mr. Fulks had ample opportunity to cut his losses by withdrawing the claims based on the falsified document and proceeding on the other claims that he had properly exhausted. But he chose to forge ahead with these unrelated claims.

4

While Mr. Fulks's claim that he was sexually assaulted most certainly raises "issues of substantial public importance," dkt. 143 at 2, whether that claim should be allowed to proceed must be evaluated in the context of Mr. Fulks's conduct in this case. By choosing to bring the claims that he had exhausted along with the claim based on falsified evidence, Mr. Fulks knowingly put the former in jeopardy. Mr. Fulks thereafter doubled down on his use of falsified evidence with his testimony at the *Pavey* hearing. Moreover, Mr. Fulks's deception resulted in substantial use and depletion of scarce court resources. The Court recruited pro bono counsel who, for over a year, spent substantial resources responding to the motion for summary judgment and thereafter preparing for the *Pavey* hearing. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers). The defendants hired Mr. Sperry as an expert, and his review, report, testimony, and expenses related to the falsified document cost over $8,000. Dkt. 144 at 4. And the Court held multiple conferences and reviewed hundreds of pages of exhibits before and after the full-day hearing. All on the taxpayers' dime. Mr. Fulks's argument that this is the only time he falsified documents in a court proceeding, *see* dkt. 143 at 2–3, does not change the fact that the resources invested on his case could and should have been dedicated to legitimate claims in one or more of the many hundreds of other cases brought *pro se* each year by prisoners.

Sanctions "must be proportionate to the circumstances," *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019), and courts must consider lesser

5

sanctions before dismissing a case, *Ebmeyer v. Brock*, 11 F.4th 537, 547 (7th Cir. 2021) (reversing sanction when "not apparent from the court's order whether it considered any sanction other than dismissal"). Here, dismissal of this action is necessary to deter Mr. Fulks and other litigants from presenting false evidence to try to evade the exhaustion requirement. Dismissing Mr. Fulks's unexhausted claims and allowing him to proceed with the exhausted claims would be "no sanction at all." *Martin v. Redden*, 34 F.4th 564, 569 (7th Cir. 2022) (affirming two-year filing bar as sanction for submitting a falsified grievance form); *see also Rivera v. Drake*, 767 F.3d 685, 687 (7th Cir. 2014) ("If perjury pays benefits when it escapes detection, but has no cost when detected, there will be far too much perjury and the accuracy of judicial decisions will be degraded.").

Lesser sanctions are inappropriate when faced such a subversion of the judicial process. *See Rivera*, 767 F.3d at 686 (noting that "perjury is among the worst kinds of misconduct," and upholding dismissal of case as sanction for submitting false evidence to combat exhaustion defense); *Martin*, 34 F.4th at 568 (holding same). Monetary sanctions would not be effective given Mr. Fulks' *in forma pauperis* status in this case. *Rivera*, 767 F.3d at 687. The potential of action against Mr. Fulks through the Bureau of Prisons' disciplinary system, *see* dkt. 143 at 3, is too speculative to be considered a sanction. Moreover, the Court has an independent interest in safeguarding the integrity of the judicial process by sanctioning litigants for misconduct, regardless of any discipline imposed by the Bureau of Prisons.

### III. Conclusion

The Court therefore finds that dismissal of this action is an appropriate sanction for Mr. Fulks's use of falsified evidence and perjured testimony in an attempt to defeat the defendants' exhaustion defense. Accordingly, this action is **dismissed with prejudice**.

Final Judgment shall now enter.

**SO ORDERED.**

Date: 11/29/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHADRICK E. FULKS
16617-074
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel